CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 27 2012

JULIA C. DUDLEY, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MARTY A. SONS, ET AL., | ) |
| | ) |
| Plaintiffs, | ) Case No. 7:12CV00264 |
| | ) |
| v. | ) OPINION |
| | ) |
| PHILIP TROMPETER, ET AL., | ) By: James P. Jones |
| | ) United States District Judge |
| Defendants. | ) |

In this pro se action under 42 U.S.C.A. § 1983 (West 2003), the plaintiffs seek to proceed in forma pauperis. Based on the affidavits filed by the plaintiffs in this case, I will allow the Complaint to be filed without payment of the filing fee, pursuant to 28 U.S.C.A. § 1915(a)(1) (West 2006). However, upon examination of the Complaint, I find that it is without merit and will dismiss it. 28 U.S.C.A. § 1915(e)(2)(B)(ii) (West 2006).

To state a claim under § 1983, a plaintiff must allege (1) the violation of a constitutional right (2) by a "person" acting under color of state law. 42 U.S.C.A. § 1983. The plaintiffs' claims against the defendants fail for various reasons. 28 U.S.C.A. § 1915(e)(2)(B)(ii) (stating that the court shall dismiss an action filed in forma pauperis at any time if the court determines that the action fails to state a claim on which relief may be granted).

First, the plaintiffs' claims against the state court judge must be dismissed because "judges are absolutely immune for liability from damages arising out of their judicial actions." *Murphy v. Goff*, Civil Action No. 6:10-cv-00026, 2010 WL 2292130, at *2-3 (W.D. Va. June 7, 2010) (citing *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985)). The Complaint alleges no facts that would overcome the doctrine of judicial immunity. *Murphy*, 2010 WL 2292130, at *3 (noting that the doctrine of judicial immunity can be overcome only when a judge's actions are not taken in his judicial capacity or when they are taken in the complete absence of all jurisdiction).

The claims against plaintiff Marty A. Sons' court-appointed attorney must fail because a private person, such as a court-appointed attorney, does not act under color of state law and is generally unsusceptible to a claim brought under § 1983. *Id.* at *4; *see also Hall v. Quillen*, 631 F.2d 1154, 1155-56, n. 2-3 (4th Cir. 1980) (concluding that court-appointed counsel does not act under the color of state law for § 1983 purposes).

The claims against the Commonwealth of Virginia and the Roanoke County Department of Social Services must be dismissed because these entities are not considered "persons" within the meaning of § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989); *see also Doe v. Mullins*, No. 2:10CV00017, 2010 WL 2950385, at *1 (W.D. Va. July 22, 2010). In addition, the claims must

be dismissed because these entities are immune from an action for damages under the Eleventh Amendment. *Id.*

Finally, the claims against Roanoke County also must be dismissed. As a municipality, Roanoke County could be liable under § 1983 if the "constitutionally offensive acts of [county] employees are taken in furtherance of some municipal 'policy or custom.'" *Milligan v. City of Newport News*, 743 F.2d 227, 229 (4th Cir. 1984) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). A plaintiff may establish the existence of a policy or custom in several ways: "(1) through an express policy, such as a written ordinance or regulation; (2) through the decisions of a person with final policymaking authority; (3) through an omission, such as a failure to properly train officers, that 'manifest[s] deliberate indifference to the rights of citizens'; or (4) through a practice that is so 'persistent and widespread' as to constitute a 'custom or usage with the force of law.'" *Lytle v. Doyle*, 326 F.3d 463, 471 (4th Cir. 2003) (quoting *Carter v. Morris*, 164 F.3d 215, 217 (4th Cir. 1999)). Although the Complaint contains allegations that Roanoke County policies and procedures caused various violations of Sons' constitutional rights, these are simply legal conclusions presented as facts. The allegations do not contain any actual facts sufficient to state a plausible claim for relief. *See Ewing v. Silvious*, No. 11-7683, 2012 WL 1978892, at *1 (4th Cir. June 4, 2012) (unpublished) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

For the reasons stated above, I will dismiss all of the federal constitutional claims asserted by the plaintiffs. Pursuant to 28 U.S.C.A. § 1367(c)(3) (West 2006), I will decline to exercise supplemental jurisdiction over the plaintiffs' state law claims and the action will be dismissed.

A separate order will be entered forthwith.

DATED: June 27, 2012

/s/ James P. Jones
United States District Judge