# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **MARTY A. SONS, ET AL.,** ) | |
| ) | |
| Plaintiffs, ) | Case No. 7:12CV00264 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| **PHILIP TROMPETER, ET AL.,** ) | By: James P. Jones |
| ) | United States District Judge |
| Defendants. ) | |

In this pro se action under 42 U.S.C.A. § 1983 (West 2003), I previously dismissed the plaintiffs' federal claims for failure to state a claim pursuant to 28 U.S.C.A. § 1915(e)(2)(B)(ii) (West 2006). I also declined to exercise supplemental jurisdiction pursuant to 28 U.S.C.A. § 1367(c)(3) (West 2006) over the plaintiffs' state law claims. However, upon review it appears that, in addition to federal question jurisdiction, the plaintiffs alleged diversity jurisdiction under 28 U.S.C.A. § 1332 (West 2006 & Supp. 2012). I therefore issue this Opinion to address the plaintiffs' state law claims and will again dismiss the Complaint for failure to state a claim.

The plaintiffs' state law claims are false imprisonment under common law, negligence and negligent hiring, training and retention, conspiracy, vindictive and/or malicious prosecution, alienation of affection, and alteration of court

documents. At the outset, I note that the plaintiffs' Complaint is thirty pages long and fails to conform to the requirements of Federal Rule of Civil Procedure 8, which requires each allegation to be "simple, concise, and direct." Fed. R. Civ. P. 8. "[A]lthough district courts have a duty to construe *pro se* pleadings liberally, a *pro se* plaintiff must nevertheless allege facts that state a cause of action, and district courts are not required 'to conjure up questions never squarely presented to them.'" *Murphy v. Goff*, No. 6:10-cv-00026, 2010 WL 2292130, at *1 (W.D. Va. June 7, 2010) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)). The Complaint could be dismissed for failure to comply with Rule 8 alone.

In addition, the Complaint also fails to allege any claims upon which relief can be granted. The Complaint is a long description of the problems with the plaintiff Sons' marriage, divorce proceedings, and child support payments, but it does not contain sufficient allegations of fact to present any plausible claims for relief against any of the defendants.[1] *See Ewing v. Silvious*, No. 11-7683, 2012

---

[1] Certain of the defendants are also likely immune from suit under Virginia's doctrine of sovereign immunity. *See Seabolt v. Cnty. of Albemarle*, 724 S.E.2d 715, 716 (Va. 2012) (noting that at common law the Commonwealth was immune from liability for torts committed by its officers, employees, and agents and that counties, as political subdivisions of the Commonwealth, enjoyed the same tort immunity); *Messina v. Burden*, 321 S.E.2d 657, 661 (Va. 1984) ("Governors, judges, members of state and local legislative bodies, and other high level governmental officials have generally been accorded absolute immunity."). The Virginia Tort Claims Act, cited by the plaintiffs as the basis for their negligence claims, enacted only limited changes to this immunity. The Act excludes counties from its waiver of immunity and does not abrogate judicial

WL 1978892, at *1 (4th Cir. June 4, 2012) (unpublished) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

For the reasons stated, the plaintiffs' state law claims will be dismissed. I will issue an Amended Order so stating forthwith.

DATED: June 29, 2012

/s/ James P. Jones
United States District Judge

---

immunity. Va. Code Ann. § 8.01-195.3 (2007). *See also Seabolt*, 724 S.E.2d at 716-17. Further, it excludes from recovery under its provisions any claims "based upon an act or omission of any court of the Commonwealth, or any member thereof acting in his official capacity …," and claims "based upon an act or omission of an officer, agent or employee of any agency of government in the execution of a lawful order of any court." Va. Code Ann. § 8.01-195.3.